UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10cv147

| CHESTER LARRY LILLEY, JR., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| PHIL REDMAN, Sheriff, Iredell County; JUDY DALTON; (FNU) WIGGINS, Head Nurse, Iredell County Jail;[1] and IREDELL COUNTY SHERIFF'S DEPARTMENT, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I.  FACTUAL BACKGROUND**

The instant Complaint alleges that between July and October 2009, Defendant Wiggins ignored Plaintiff's numerous requests for medical treatment for a previously diagnosed condition of degenerative disc disease. (Doc. No. 1 at 3). Plaintiff claims that, because of Defendant Wiggins' alleged indifference to his condition, he has suffered a deterioration in his health as reflected in his subsequent diagnoses with spinal cord damage, minor brain damage, and life-long immobility, among other conditions. (Id. at 4-5). Plaintiff further alleges that during the same period when his requests for treatment were being ignored, his attorney, Judy Dalton, failed to respond to the requests for assistance that were communicated to her by various Iredell County Jail

---

[1] The Lanesboro Correctional Institution will be referred to as "LCI," hereafter.

employees on behalf of Plaintiff. (Id. at 3). Plaintiff seeks an investigation of his allegations, termination of the liable parties' employment, and money damages. (Id. at 4).

## II. STANDARD OF REVIEW

To proceed with a case filed under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution by a person acting under color of state law. West v. Adkins, 487 U.S. 42, 49 (1988). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court first to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee; it requires the Court then to identify cognizable claims or dismiss the complaint, or parts thereof.

The Court has conducted an initial review of Plaintiff's Complaint and determined that only his allegations against Defendant Wiggins are sufficient to state a constitutional claim for relief. Accordingly, Plaintiff will be allowed to proceed with his allegations against Defendant Wiggins; however, the remaining allegations and Defendants will be dismissed from this action.

## III. DISCUSSION

As was noted, Plaintiff alleges that Defendant Wiggins ignored his report of degenerative disc disease along with his requests for medical attention and treatment. He claims that as a result, his condition has significantly worsened to the point that he has lost his ability to ambulate and has a poor prognosis for recovery. (Doc. No. 1 at 3-5). Such allegations are sufficient to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Therefore, Defendant Wiggins will be required to respond to Plaintiff's allegations against her.

Plaintiff also has named his "court-appointed defense counsel," Judy Dalton, as a defendant,

presumably for her alleged failure to respond to requests that she assist him in dealing with Defendant Wiggins. (Doc. No. 1 at 3). However, the law is well-settled that a defense attorney, whether privately retained or court-appointed, is not amenable to suit under § 1983 because defense counsel is not acting under color of law when performing the traditional functions of counsel. See Polk County v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of § 1983 action against court-appointed attorney as lacking "state action"); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against privately retained counsel). Therefore, this action must be dismissed as to Defendant Dalton.

Plaintiff also has named the Sheriff of Iredell County, Phil Redman, as a defendant. Notably, however, Plaintiff's Complaint makes no mention of any conduct undertaken by the Sheriff in violation of Plaintiff's constitutional rights or otherwise. Thus, to the extent that Plaintiff appears to be proceeding against the Sheriff under a theory of supervisory liability, such theory must be rejected because Plaintiff has failed to allege, among other critical facts, that the Sheriff had either actual or constructive knowledge that his subordinate, Defendant Wiggins, "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff . . . ." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Therefore, this action must be dismissed as to Defendant Redman.

Similarly, Plaintiff has named the Iredell County Sheriff's Department as the final defendant to this action. While the law is clear that a municipality can be subjected to liability under § 1983, in the absence of a single allegation to establish that an Iredell County policy or custom was the

moving force behind the alleged violation of Plaintiff's constitutional rights, he has failed to state a claim for relief against the County or its Sheriff's Department. See Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (1992) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)). Indeed, the Collins Court repeated Monell's long-standing observation that "a municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 121 (internal quotation marks and citation omitted). Thus, because the instant Complaint fails even to suggest that Plaintiff was harmed as a result of an Iredell County policy or custom, this action must be dismissed against the Iredell County Sheriff's Department.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED** as to Defendants Dalton, Redman, and Iredell County Sheriff's Department for its failure to state a constitutional claim for relief against them;

2. The Clerk shall prepare process for Defendant Wiggins and deliver it to the U.S. Marshal;

3. The U.S. Marshal shall serve process upon Defendant Wiggins;

4. Defendant Wiggins shall file a response to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure; and

5. The Clerk shall send a copy of this Order to Plaintiff.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge